# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, a federally recognized Indian Tribe,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10cv2241-LAB (CAB)<br><br>**PRELIMINARY INJUNCTION** |

After briefing and a hearing on Plaintiff's motion for preliminary injunction, the Court on December 15, 2010 issued an order making factual findings and legal conclusions, and on that basis granting the motion. Plaintiff was ordered to submit a draft order enjoining Defendants. After Plaintiffs lodged their order, Defendants objected. *See* this district's Electronic Case Filing Administrative Policies and Procedures Manual, § 2(h) (requiring that proposed orders be lodged, and providing for objections to proposed orders). Among other things, they argued that in light of the Court's previous detailed findings, the detailed findings in the proposed order were neither necessary nor appropriate. After reviewing the proposed order, the Court agrees with Defendants that the proposed detailed findings aren't necessary, and will rely on the findings it made in its December 15 order.

/ / /

One matter requires clarification, however. Rule 65(c) requires the posting of security in an amount the Court considers proper, in order to pay costs and damages if an enjoined party is later found to have been wrongfully enjoined. Here, the parties didn't raise this issue, but Defendants suggested the proposed project was likely to stop of its own accord because of difficulty obtaining financing while this lawsuit is pending, regardless of the issuance of an injunction. Defendants didn't object to the proposed order waiving security. It therefore appears doubtful Defendants would be entitled to any costs or damages even if they are later found to have been wrongfully enjoined, so no security will be required.

Pursuant to Federal Rule of Civil Procedure 65 and for the reasons expressed in the Court's separate opinion and order issued December 15, 2010:

**IT IS HEREBY ORDERED** that the United States Department of the Interior; United States Bureau of Land Management; Ken Salazar, Secretary of the Interior; Robert Abbey, Director, Bureau of Land Management; Teri Raml, District Manager, BLM California Desert District; and Margaret Goodro, Field Manager, BLM El Centro Field Office, in their official capacities (the "Federal Defendants") are temporarily enjoined from issuing any notice or other authorization to proceed with any ground-disturbing activities or other development of the Imperial Valley Solar Project on the public lands that are the subject of the October 2010 Record of Decision for the Imperial Valley Solar Project and Amendment to the California Desert Conservation Area Land Use Management Plan, 75 Fed. Reg. 62853 (October 13, 2010); and

**IT IS FURTHER ORDERED** that Imperial Valley Solar, LLC, is temporarily enjoined from proceeding with any ground-disturbing activities or other development of the Imperial Valley Solar Project on the public lands that are the subject of the October 2010 Record of Decision for the Imperial Valley Solar Project and Amendment to the California Desert Conservation Area Land Use Management Plan, 75 Fed. Reg. 62853 (October 13, 2010); and

/ / /

/ / /

**IT IS FURTHER ORDERED** that this Order of Preliminary Injunction shall take effect immediately, with bond or other security waived, and this Order of Preliminary Injunction shall remain binding and in effect until further order of this Court.

**IT IS SO ORDERED**.

DATED:  January 12, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge